IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ANTHONY D. GARLAND,
      Plaintiff,

vs.                                Case No.: 3:08cv261/RV/EMT

JOHN A. BARFIELD, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's third amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 23). Leave to proceed in forma pauperis has been granted (Doc. 10).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed.

2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).   Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, an inmate of the Florida State Prison, names three Defendants:  John A. Barfield, the Chief of Security at Franklin Correctional Institution (FCI); Teresa L. Gilliam, the Head Classification Officer at FCI; and Darlene Lumpkin, the Assistant Warden of Programs at FCI (Doc. 23 at 1, 2).  He alleges that on December 20, 2007, while he was incarcerated at FCI, Defendants, who are members of the Institutional Classification Team (ICT), recommended that Plaintiff be placed on Close Management III custody status based upon Plaintiff's history of disciplinary infractions (*id.* at 11).  Defendants' recommendation was accepted, and Plaintiff's custody status was changed to CMIII (*id.*).  Plaintiff claims that his placement on CMIII violates the Double Jeopardy Clause because he was already punished for the disciplinary infractions by serving time in disciplinary confinement (*id*. at 13–18).  He contends that the change in his custody status constitutes punishment for double jeopardy purposes because his privileges and conditions of confinement are more restricted than those granted to inmates in general population (*id.*).  As relief, Plaintiff seeks an order requiring correctional officials to release him to the general population (*id.* at 19).  Additionally, he seeks monetary damages in the amount of $500.00 per day from each Defendant for the period he has been on close management (*id.*).

Plaintiff has failed to state a claim under the Double Jeopardy Clause.  The Fifth Amendment states in part that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Double Jeopardy Clause protects individuals against three distinct violations:  (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense."  North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds*, Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989).  Plaintiff relies upon the third of these types of abuses to argue that prison officials punished him with various disciplinary sanctions, and then punished him again by subsequently placing him

on close management custody status for the same offense conduct that formed the basis of the disciplinary sanctions.  The Supreme Court has recognized, however, that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "in common parlance, be described as punishment." Hudson v. United States, 522 U.S. 93, 98–99, 118 S. Ct. 488,  139 L. Ed. 2d 450 (1997) (internal quotation omitted)).  The Clause protects only against the imposition of multiple criminal punishments for the same offense. *Id.* at 99 (quotations omitted).  The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975).  Prison disciplinary proceedings are not part of a criminal prosecution. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

As the Eleventh Circuit recognized in a double jeopardy challenge by federal prisoners to criminal charges based upon the same offense conduct as disciplinary sanctions previously imposed by the federal Bureau of Prisons, "Prison officials have no authority to alter the inmates' original criminal sentences.  They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." United States v. Mayes, 158 F.3d 1215, 1224 (11th Cir. 1998).  The Mayes court held that the prison disciplinary sanctions imposed, which included a combination of disciplinary transfers to maximum security prisons, disciplinary segregation for 60 days, disallowance of between 41 and 94 days of accrued good conduct time, temporary losses of telephone, commissary, and/or recreational privileges, and losses of visitation privileges for up to one year, were not so punitive as to override the government's intent to create remedial administrative penalties for inmate misconduct. *Id.*  Accordingly, the court declined to classify the regulations as "criminal," and rejected the inmates' double jeopardy challenges to their subsequent criminal prosecutions. *Id.*  Based upon the Mayes decision, Plaintiff cannot establish that his placement in disciplinary confinement constituted criminal punishment for double jeopardy purposes.  Id.; *see also* Fogel v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006) (disciplinary sanctions do not constitute criminal punishment for double jeopardy purposes).  Furthermore, Plaintiff's custody classification is not "punishment" for double jeopardy purposes. *See, e.g.,* Taylor v. Gomez, 182 F.3d 927 (9th Cir.1999) (concluding that the inmate's double jeopardy argument

lacked merit in that the district court correctly reasoned that his custody classification "is not punishment, but rather a method for housing inmates based on their behavior"); Welch v. Epps, 103 Fed. Appx. 828, 829 (5th Cir. 2004) (addressing a Mississippi inmate's claims regarding the point system of classification and holding that a mere change in custodial status does not qualify as a second "punishment" for double jeopardy purposes); Langton v. Berman, 667 F.2d 231, 233, 234 (1st Cir. 1981) (punishing prisoner with 15 days isolation and loss of all privileges, including good-time credits, did not violate Double Jeopardy Clause because Double Jeopardy Clause applies only to criminal or quasi-criminal proceedings); Butler v. McDonough, No. 2:06-cv-206-FtM-29SPC, 2007 WL 2071530, *8 (M.D. Fla. 2007) ( "[Double jeopardy] protections apply to criminal trials, not disciplinary hearings or subsequent inmate classifications utilized by jail officials to maintain safety and security at the jail."). Therefore, Plaintiff's has failed to state a plausible constitutional claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the clerk be directed to close the file.

At Pensacola, Florida this 8th day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**